**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRAD BAILEY, | No. 08-17674 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00178-KJD-LRL |
| v. | |
| STEVE ABBOTT, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted May 14, 2010[**]
San Francisco, California

Before: HUG and McKEOWN, Circuit Judges, and FAWSETT, Senior District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    On the motion of the parties, the panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Patricia C. Fawsett, Senior United States District Judge for the Middle District of Florida, sitting by designation.

This case presents an issue of contract interpretation under Nevada law. Brad Bailey and Steve Abbott agreed to form a limited liability company to run a proposed self-storage business ("the Company"). Pursuant to the integrated operating agreement signed by the parties, Bailey agreed to pay Abbott $12,000 upon execution and make payments to the Company. Abbott agreed to "contribute his property interest" in the parcel of land where the self-storage facility would be built.

Bailey sued for breach of contract and fraudulent inducement, alleging that Abbott breached the agreement because the property he contributed was encumbered by a lien. Bailey also alleges that Abbott fraudulently induced Bailey's agreement to the contract by failing to disclose the lien, and never intended to perform his obligations.

The district court granted Abbott's motion for summary judgment, holding Bailey could not show that Abbott breached the contract, provided no evidence to raise a genuine issue on the question of fraudulent inducement, and could not obtain specific performance because Bailey himself had not performed.

Bailey asserts that the district court erred by failing to consider extrinsic evidence in construing the agreement. We do not reach this question. Bailey was obligated to pay Abbott $12,000 concurrent with the execution of the agreement,

2

but failed to do so.  Bailey raised no genuine issue of material fact suggesting he performed and therefore may not enforce the agreement against Abbott or obtain specific performance.  *Serpa v. Darling*, 810 P.2d 778, 782 (Nev. 1991).

The grant of summary judgment was also proper as to the fraud claim, as Bailey admitted in deposition testimony that he believed Abbott intended to perform when he executed the agreement. *Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992).

**AFFIRMED**.